**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

———————————

CELIO ROMARIO GUNCAY CASTRO,

      Petitioner,

    v.                          Case No. 1:25-cv-01129 KWR-LF

KRISTI NOEM*, Secretary of the Department*
*of Homeland Security,* and
GEORGE DEDOS, *Warden of Torrance County Detention Center,*

      Respondents.

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER comes before the Court *sua sponte*. Petitioner requests that the Court issue a temporary restraining order directing Respondents to conduct a bond hearing, or alternatively order Respondents to show cause why his Petition should not be granted within three days pursuant to 28 U.S.C. § 2243.  *See* Pet., Doc. 1 at 2.  The Court denies this requested emergency relief and instead directs Petitioner to serve the Petition on Respondents, as explained below.

### BACKGROUND

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to § 2241 (the "Petition"). Doc. 1.  Petitioner alleges he has been in ICE custody since September 11, 2025. *Id.* at 2. He requests that the Court issue a writ of habeas corpus directing that the immigration judge hold a bond hearing.  *Id.* at 2.

### DISCUSSION

I.    <u>The timeline requirements under 28 U.S.C. § 2243 were superseded, as applied to this case, by Congress's adoption of Habeas Rule 4.</u>

To the extent Petitioner asserts that the Court *must* issue an order to show cause directing Respondents to answer the petition within three days, the Court disagrees. As explained below, the alleged timeline requirements under § 2243 were superseded by Congress's adoption of Habeas Rule 4 and do not apply to this case. *See* Habeas Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

Petitioner cites to the following statute, which provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.

28 U.S.C. § 2243. The statute was enacted in 1948. There is nothing therein which restricts its application to § 2241 petitions challenging ICE detention. If the Court were to accept that a mandatory, three-day timeline applies based on 28 U.S.C. § 2243 it would appear to apply to all § 2241 and § 2254 habeas petitions.  The Attorney General would then have to file an answer within three days to habeas petitions challenging a state judgment and/or the prison's calculation of good time credits.  By its terms, the statute would also require the Court to hold a mandatory hearing on every § 2241 and § 2254 habeas petition that is not summarily dismissed  *Compare* 28 U.S.C. § 2243 (requiring a habeas hearing within five days, unless that time is extended) *with Shinn v. Ramirez*, 596 U.S. 366, 371 (2022) ("In all but the[e] extraordinary cases, AEDPA 'bars evidentiary hearings in federal habeas proceedings initiated by state prisoners").

Since § 2243 was enacted, however, Congress adopted in 1976 the Rules Governing Section 2254 Cases in the United States District Courts. *See* Pub.L. 94–426, § 1, 90 Stat. 1334

(1976) ("§ 2254 Habeas Rules"). As explained below, those rules supersede, as applied to this case, the timeline requirements under § 2243.

Petitioner filed this habeas petition under § 2241. The Court may apply the § 2254 habeas rules to this § 2241 petition. *See* § 2254 Habeas Rules, Rule 1(b) ("The district court **may apply any or all** of these rules to a habeas corpus petition not covered by Rule 1(a)") (emphasis added). Moreover, the Court may apply the Federal Rules of Civil Procedure, to the extent they are not inconsistent with the habeas rules. § 2254 Habeas Rules, Rule 12.

Generally, Respondents need not answer a habeas petition until the Court has ordered an answer. § 2254 Habeas Rules, Rule 4. Habeas Rule 4 grants a district judge discretion to set a time for respondents to answer or otherwise respond to the habeas petition. *Id.* ("If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."). The Rules Advisory Committee expressly contemplated that Habeas Rule 4's discretionary timeline would supersede § 2243's outdated timeline requirements:

> **In the event an answer is ordered under rule 4, the court is accorded greater flexibility than under § 2243 in determining within what time period an answer must be made.** Under § 2243, the respondent must make a return within three days after being so ordered, with additional time of up to forty days allowed under the Federal Rules of Civil Procedure, Rule 81(a)(2), for good cause. In view of the widespread state of work overload in prosecutors' offices (see, *e.g., Allen*, 424 F.2d at 141), additional time is granted in some jurisdictions as a matter of course. Rule 4, which contains no fixed time requirement, gives the court the discretion to take into account various factors such as the respondent's workload and the availability of transcripts before determining a time within which an answer must be made.

Rules Governing § 2254 cases, Rule 4, Advisory Committee Notes (1976 Adoption) (emphasis added), *quoted in Clutchette v. Rushen*, 770 F.2d 1469, 1474–75 (9th Cir. 1985).

The habeas rules were expressly adopted by Congress in 1976, after the enactment of § 2243. *See* Pub.L. 94–426, § 1, 90 Stat. 1334 (1976). Pursuant to the Rules Enabling Act, enacted

rules have the full force of a statute, and supersede prior, contrary statutes. 28 U.S.C. § 2072(b) ("All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect."); *John R. Alley & Co. v. Fed. Nat. Bank of Shawnee, Shawnee Cnty., Okl.*, 124 F.2d 995, 998 (10th Cir. 1942) ("because the Congressional authority under which the new rules were adopted expressly provides that after they become effective any laws in conflict therewith are of no further force or effect. The new rules have the force and effect of statutes."); *Oklahoma Radio Assocs. v. F.D.I.C.*, 969 F.2d 940, 942 (10th Cir. 1992) (Federal Rules of Civil Procedure have force and effect of a federal statute); *Penfield Co. of Cal. v. Sec. & Exch. Comm'n*, 330 U.S. 585, 589 n.5 (1947) ("Where a Rule of Civil Procedure conflicts with a prior statute, the Rule prevails.").

Based on these principles, numerous courts of appeals have concluded that if there is conflict between timeline requirements under Habeas Rule 4 and § 2243, Habeas Rule 4 supersedes the statute. *Bradin v. Thomas*, 823 F. App'x 648, 656-57 (10th Cir. Aug. 13, 2020) (unpublished) (as to § 2241 petition, finding no abuse of discretion in the district court's ruling that "28 U.S.C. § 2243's time limit for filing an answer is subordinate to Habeas Rule 4, which contains no fixed time requirement but instead gives district courts considerable discretion in setting deadlines for responses to habeas petitions."); *Bleitner v. Welborn,* 15 F.3d 652, 653–54 (7th Cir. 1994) (noting that Rule 4, which has force of superseding statute, loosened up deadline for responses and has the force of a superseding statute); *Clutchette v. Rushen*, 770 F.2d 1469, 1474 (9th Cir. 1985) (Habeas Rule 4 supersedes § 2243's timeline requirement); *Bramson v. Winn*, 136 F. App'x 380, 382 (1st Cir. 2005) (applying Habeas Rule 4 to § 2241 petition to supersede § 2243's timeline requirements); *see also France v. State*, No. 1:13CV250, 2014 WL 11997461, at *2 (M.D.N.C. Apr. 30, 2014) (finding Rule 4 superseded § 2243)), *aff'd*, 584 F. App'x 117 (4th Cir. 2014); *see*

*also Hudson v. Harvanek*, No. CIV 22-290-RAW-JAR, 2023 WL 5533526, at *1 (E.D. Okla. Aug. 28, 2023).

Here, the Court in its discretion applies Habeas Rule 4's discretionary timeline to this proceeding. § 2254 Habeas Rules, Rule 1(b) (allowing district court in its discretion to apply § 2254 habeas rules to § 2241 petitions). Habeas Rule 4 grants a district court discretion to determine when and whether a response to a petition should be filed. As explained below, the Court finds it appropriate to direct Respondents to answer the petition within thirty days of service of the petition and this order. Having reviewed the Petition, the Petition is not amenable to summary disposition, and the Court requires adequate briefing and a full record from Respondents. In the Court's experience, ordering a response to a habeas petition due within three days often produces an inadequate brief or record, preventing the Court from issuing an adequate, thorough or timely decision. Therefore, § 2243's strict timeline requirements are superseded as to this case.

To the extent Petitioner may argue that Habeas Rule 4 does not apply to § 2241 petitions, the First Circuit has rejected that argument. *Bramson v. Winn*, 136 F. App'x 380, 382 (1st Cir. 2005), *citing* Rule 1(b) of the Rules Governing § 2254 Cases (allowing district court in its discretion to apply § 2254 habeas rules to § 2241 petitions). The First Circuit concluded that a district court may apply § 2254 Habeas Rule 4 to § 2241 petitions and supersede § 2243's timeline requirements. *Bramson,* 136 F. App'x at 382*.* The Tenth Circuit found no abuse of discretion when a district court did the same as to a § 2241 petition. *Bradin v. Thomas*, 823 F. App'x 648, 656-57 (10th Cir. Aug. 13, 2020) (unpublished) (as to § 2241 petition, finding no abuse of discretion in the federal district court's ruling that "28 U.S.C. § 2243's time limit for filing an answer is subordinate to Habeas Rule 4, which contains no fixed time requirement but instead gives district courts considerable discretion in setting deadlines for responses to habeas petitions").

Thus, Petitioner's application for issuance of an order to show cause within three days is denied.

## II.    **The language of Section 2243 also creates discretion**.

Alternatively, even assuming § 2243 still applies in some habeas cases, the Court interprets § 2243 as creating a discretionary standard and concludes that Petitioner is not entitled to a ten-day order to show cause at this time. Section 2243 states in relevant part that:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, **unless it appears from the application that the applicant or person detained is not entitled thereto**.

28 U.S.C. § 2243 (emphasis added). Thus, the statute allows a district court to decide in its discretion whether and when an order to show cause should be issued *See Harris v. Nelson*, 394 U.S. 286, 298-99 (1969) ("Congress has provided that once a petition for a writ of habeas corpus is filed, *unless the court is of the opinion that the petitioner is not entitled to an order to show cause*, ... an order to show cause must be issued") (emphasis added).

Here, the Court finds good cause to not issue an order to show cause at this time. It is not unambiguously clear without a record whether Petitioner is entitled to relief. The issue raised in the Petition is not amenable to summary disposition without adequate briefing or a record. For example, the Petition does not cite to controlling case law from the Tenth Circuit or United States Supreme Court on this issue. The Court concludes that it requires a full answer and record from Respondents to issue a decision. As explained above, based on the Court's experience, written briefing and a record produced within ten days of this order would likely be inadequate for the Court to issue an adequate, thorough, and timely decision. The Court also notes that there are many detainees filing § 2241 petitions right now, and without evidence of an actual emergency, there is

no basis to automatically move this case to the front of the queue ahead of individuals who also assert deprivation of their liberty.

III.     **The Court declines to grant a temporary restraining order to the extent it is sought _ex parte_.**

In one sentence in his Petition, Petitioner also moved for a temporary restraining order to direct Respondents to conduct a bond hearing. Pet., Doc. 1 at ¶ 7.  As explained below, to the extent Petitioner seeks _ex parte_ relief, the Court concludes that Petitioner has not demonstrated that _ex parte_ relief is warranted. To the extent Petitioner seeks preliminary injunctive relief, he should file and serve the motion on the appropriate Respondents.

"A preliminary injunction is an extraordinary remedy, the exception rather than the rule." _Mrs. Fields Franchising, LLC v. MFGPC_, 941 F.3d 1221, 1232 (10th Cir. 2019).  "[B]ecause a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal." _Fundamentalist Church of Jesus Christ of Latter–Day Saints v. Horne,_ 698 F.3d 1295, 1301 (10th Cir.2012) (citations omitted).

To obtain a preliminary injunction or temporary restraining order, Petitioner must show: "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; _and_ (4) that the injunction, if issued, will not adversely affect the public interest." _Dine Citizens Against Ruining Our Env't v. Jewell_, 839 F.3d 1276, 1281 (10th Cir. 2016) (quoting _Davis v. Mineta_, 302 F.3d 1104, 1111 (10th Cir. 2002)).

Courts disfavor preliminary injunctions that "exhibit any of three characteristics: (1) it mandates action (rather than prohibiting it), (2) it changes the status quo, or (3) it grants all the relief that the moving party could expect from a trial win." _Mrs. Fields Franchising, LLC_, 941

F.3d at 1232.  If a motion for preliminary injunction exhibits one of these three characteristics, the

Petitioner faces "a heavier burden on the likelihood-of-success-on-the-merits and the balance-of-

harms factors." *Id.*

      Moreover, Fed. R. Civ. P. 65(b)(1) provides that:

> The court may issue a temporary restraining order without written or oral notice
> to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that
> immediate and irreparable injury, loss, or damage will result to the movant before
> the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and
> the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).[1] Here, Petitioner has not certified in writing any efforts made to give

notice to the Respondents and the reasons why it should not be required.  Fed. R. Civ. P.

65(b)(1)(B). Although Petitioner generally references his due process rights and desire to be with

his wife and child, he does not explain or address why the Court should award him all the relief he

seeks in his Petition without notice to the Respondents. *See* Pet., Doc. 1 at ¶ 7. Moreover, to the

extent Petitioner seeks *complete* relief *ex parte* without briefing or an appropriate record, the Court

finds that briefing and notice to the Respondents would be appropriate. Therefore, if Petitioner

seeks preliminary injunctive relief or emergency relief under Fed. R. Civ. P. 65, he should file and

serve such motion on the appropriate parties.

**IV.**    <u>**The Court directs Petitioner to serve the Petition and this Order on Respondents,**</u>
<u>**and directs Respondents to answer the Petition**</u>.

---

[1] As explained above, the Court may apply the Federal Rules of Civil Procedure to this habeas action. *See* § 2254
Habeas Rule 1(b), 12.

Having reviewed the Petition, the Court concludes that the claims must be resolved on a full record, including an answer from Respondents. Therefore, the Court directs Petitioner to serve copies of this Order and the Petition on the appropriate Respondents. Petitioner shall file a certificate of service on the record. Moreover, Respondents shall answer the Petition within 30 days of service of this Order and the Petition. *See* § 2254 Habeas Rules, Rule 4 (granting court discretion to fix a time to file an answer). The answer must address the merits of the Petition and attach all relevant evidence the Respondents wish the Court to consider. Petitioner shall file a reply within 14 days of the filing of the answer.

**IT IS THEREFORE ORDERED** that Petitioner serve copies of this Order and the Petition on the appropriate Respondents and file a certificate of service on the record.

**IT IS FURTHER ORDERED** that the Respondents shall answer the Petition within **thirty** (**30) days** of service of this Order and the Petition. The answer must address the merits of the Petition and attach all relevant evidence or documents Respondents wish the Court to consider.

**IT IS FINALLY ORDERED** that Petitioner shall file a reply brief within **fourteen (14) days** after the answer is filed, or a response within **fourteen (14) days** of the filing of any motion to dismiss.  A reply to any motion to dismiss is due within **fourteen (14) days** of the filing of a response to a motion to dismiss.

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

9